J. RUSSELL WHITE, Appellant, *v.* RICHMOND LIGHT AND RAILROAD COMPANY and Others, Respondents.

Second Department, May 21, 1926.

**Sales — action for breach of warranty — no warranty shown that apparatus supplied by defendants would refine camphor by electric heat.**

In an action to recover damages for the breach of an alleged warranty that certain apparatus supplied by the defendants to the plaintiff would refine camphor by electric heat, the plaintiff failed to show that any warranty was made by the defendants. On the other hand, the evidence tends to show that the plaintiff, a competent chemist, entered into the transaction for a change of heat, with knowledge that the parties were conducting an experiment to determine whether or not the apparatus furnished by the defendants would perform the work.

RICH and YOUNG, JJ., dissent.

APPEAL by the plaintiff, J. Russell White, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Richmond on the 29th day of January, 1925, upon the dismissal of the complaint at the close of plaintiff's case.

*Henry S. Miller,* for the appellant.

*Bertram G. Eadie* [*Daniel G. Brennan* with him on the brief], for the respondents Richmond Light and Railroad Company and another.

*Herbert H. Flagg* [*John C. Rowe* with him on the brief], for the respondent General Electric Company.

*Frederick W. Park* [*Howard M. Park* with him on the brief], for the respondents Young Brothers Company and another.

PER CURIAM. We are of opinion that the learned trial justice was right in his decision that, on the evidence in this case, the plaintiff failed to establish any warranty, express or implied, that the proposed new apparatus to be constructed from the various parts supplied by the defendants or some of them, would refine camphor by electric heat. There is no allegation in the complaint or proof upon the trial of fraud or bad faith on the part of the defendants or their agents who, plaintiff claims, made the warranty. There was no sale of a completed apparatus which was or could be the subject of warranty. No such apparatus was in use or had ever been used in the camphor industry. The entire transaction was an experiment. The plaintiff was engaged in the business of refining camphor; he was a chemist, a graduate of Harvard University. He knew all about camphor and the process by which it was refined. It is not claimed that the defendants or their salesmen had any knowledge on the subject. The proposed change in the heat from coal and wood to electricity was an experiment pure and simple, a new departure in a business with which plaintiff was entirely familiar, and concerning which he knew that the defendants and their agents were entirely ignorant. The evidence seems to be conclusive that the plaintiff did not rely upon any statements or promises by these uninformed men that the experiment would be a success. If it succeeded, the plaintiff would obtain the distinction and profit resulting from this new departure, and the defendants would have a new field of industry opened to them in their manufacture of apparatus and electric power. There is no question on the evidence that the necessary heat was obtained from the electricity; the trouble encountered was the adaptation of the heat to the refining of camphor. After a series of experiments conducted by the plaintiff and the defendants for a year or more, it was found that the change from the old fuel to electricity was not practicable despite the best efforts of the experienced plaintiff and the defendants. We think the plaintiff failed to make out a case of breach of warranty at common law or under the statute, and that the learned trial justice was right in granting defendants' motion for nonsuit.

The judgment should be affirmed, with costs.

KELLY, P. J., MANNING and LAZANSKY, JJ., concur; RICH and YOUNG, JJ., dissent and vote to reverse the judgment upon the law, and to grant a new trial, on the ground that the evidence presented a case for submission to the jury.

Judgment affirmed, with costs.